UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYANT O. WILLIAMS,

    Plaintiff,

v.

KITSAP COUNTY; KITSAP COUNTY
PROSECUTOR'S OFFICE; and
RUSSELL D. HAUGE,

    Defendants.

CASE NO. C11-5094 BHS

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS

This matter comes before the Court on the motion of Defendants Kitsap County Prosecutor's Office ("KCPO") and Russell D. Hauge ("Hauge") to dismiss Plaintiff Bryant O. Williams' ("Williams") claims. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion to dismiss for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On April 1, 2011, Williams filed suit pursuant to 42 U.S.C. Section 1983 against Defendants KCPO and Hauge, the Kitsap County Prosecutor, in his individual and official capacities (collectively "Defendants"). Dkt. 5. On June 9, 2011, Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

ORDER - 1

12(b)(6). Dkt. 13. On July 1, 2011, Williams responded.[1] Dkt. 17. On July 8, 2011, Defendants replied. Dkt. 19. On July 11, 2011, Defendants filed a motion to supplement reply. Dkt. 21.

## II. FACTUAL BACKGROUND

In support of his claim of wrongful prosecution, due process violations and false imprisonment against Defendants, Williams alleges the following facts:

On December 13, 2004, Defendants applied for a warrant of arrest which contained statements of the alleged acts committed by Williams and the RCWs allegedly violated. Dkt. 5 at 3-4 ¶¶ 2.3, 2.6, 2.7. According to Williams, it is a customary practice in Kitsap County criminal proceedings for prosecutors to file an unsworn information charging a plaintiff with a crime, an unsworn motion for arrest warrant, and a certification for determination of probable cause. *Id.* at 4 ¶ 2.4. Also according to Williams, from January 3, 2003 to November 2, 2005, "the rate of felony sentences between genders and the rate of felony sentences per racial category within the State of Washington was disproportionate."*Id.* ¶ 2.5.

On March 1, 2005, over Williams' objection, Defendants amended the original information to charges of Trafficking in Stolen Property in the 1st Degree and Criminal Profiteering. *Id.* ¶ 2.8. Williams was found guilty of both charges by Judge Olsen in Kitsap County Superior Court. *Id.*

Williams appealed the conviction and on October 31, 2006, the Court of Appeals Division II reversed the finding of guilt. *Id.* at 5 ¶¶ 2.10, 2.11. Defendants petitioned the Supreme Court for Discretionary Review but on January 8, 2008, the Supreme Court declined to accept the petition for review, and affirmed the Appellate Court's ruling. *Id.* ¶

---

[1] The Court notes that Defendants challenge the timeliness of Williams' response but in consideration of Williams' pro se status and minimal delay, the Court extends some latitude on this matter.

2.12. On January 30, 2008, the Court of Appeals issued a mandate, terminating review. *Id.* ¶ 2.13. On March 7, 2008, Defendants moved for dismissal of the charges against Williams, and the motion was granted. *Id.* at 6 ¶ 2.14. On March 14, 2008, Williams was released from custody. *Id.* ¶ 2.15.

## III. DISCUSSION

Defendants move the Court to dismiss all claims against them because Williams failed to state any claim upon which relief can be granted. Dkt. 13. Williams opposes Defendants' motion and appears to contend that it should be denied because "pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers" (Dkt. 17 at 2) and because Defendants concede "that a more definite of detail [in the complaint] need not be required." *Id.* at 5. Alternatively, Williams requests leave to amend the complaint. *Id.* at 7.

As an initial matter, the Court notes that because Williams is proceeding pro se, the Court extends some latitude to his pleadings. Still, while a pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties (*see Haines v. Kerner*, 404 U.S. 519, 520 (1972)), pro se litigants are expected to follow the same rules of procedure that govern other litigants. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). Therefore, although the Court can liberally construe a pro se party's claim, it cannot supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### A. Legal Standard

Rule 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "In considering whether the complaint is sufficient to state a claim, a court must take all material allegations as true and construe them in the light most favorable to the plaintiff." *Ashcroft*

ORDER - 3

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Generally, to survive a motion to dismiss, the complaint does not require detailed factual allegations. Plaintiffs must allege, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 574 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must not merely present a "formulaic recitation" of the elements of a cause of action. *Id.* at 555. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena,* 976 F.2d at 471 (9th Cir. 1992) (internal citation omitted).

**B.    Williams' Complaint**

**1.    Wrongful Prosecution**

Williams alleges that Defendants

> and their agents acting under the color of law, willfully or recklessly or negligently [deprived Williams] of certain rights and/or privileges to-wit contrary to United States Code Article 4 §2 Cause 1, United States Constitution Amendment 4, 5, 6, 14 § 1; Washington Constitution Article I § 3, 7; RCW 10.37.015; RCW 10.37.052 and RCW 10.37.054.

Dkt. 5 at 6-7. Defendants argue that such claim fails to provide "fair notice of what the plaintiff's claim is" or "the grounds upon which it rests." Dkt. 13 at 9. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Here, even taking all of Williams' factual allegations as true, the complaint includes only vague and conclusory allegations which are insufficient to survive a motion to dismiss. Other than the fact that the conviction was ultimately overturned, Williams alleged no other grounds for relief to support a claim of wrongful prosecution. Thus, the Court finds that Williams' complaint fails to allege sufficient facts to support his claim.

ORDER - 4

### 2. Due Process Violation

Williams alleges that Defendants "breach[ed] certain citizen rights and/or privileges due to him, to-wit, contrary to United States Code Article 4 § 2 Cause 1, United States Constitution Amendment 6, United States Constitution Amendment 14 § 1; Washington Constitution Article I sections 3, 21; RCW 10.37.015, 052, 054." Dkt. 5 at 8. Defendants argue that this allegation fails to articulate the nature of his claim in a manner from which the basis of his cause of action can be discerned. Dkt. 13 at 10. Here, even if the law Williams cites provides a cognizable legal theory, Williams again failed to allege sufficient facts in support of his theory. *See* Dkt. 5. Vague and conclusory allegations are not sufficient to withstand a motion to dismiss. *Pena,* 976 F.2d at 471. Thus, the Court concludes that Williams failed to state a claim for which the Court may grant relief.

### 3. False Imprisonment.

Williams alleges that his constitutional rights under the "United States Constitution Amendment 4 [and] Washington State Constitution Article I section[s] 3 [and] 7" were violated by Defendants and that as a result he "sustained substantial liberty loss . . . ." Dkt. 5 at 8-9. Defendants maintain that Williams not only failed to establish a claim for false imprisonment but also, because probable cause was definitively established, that Defendants have a complete defense. Dkt. 13 at 11-12.

To establish a claim of false imprisonment, a plaintiff must show that the defendant confined the plaintiff without legal authority. *Mundt v. United States*, 611 F.2d 1257, 1259 (9th Cir. 1980); *Bender v. City of Seattle*, 99 Wn.2d 582, 591 (1983). Here, the facts as alleged by Williams establish the opposite. Williams' detention was not extrajudicial; it occurred within a legal process. Dkt. 5 at 3- 4. Although Williams' conviction was overturned, Williams alleged no facts which indicate that the Defendants lacked the legal authority to arrest or incarcerate him. *See* Dkts. 5, 15 & 17. Thus, the

Court necessarily finds that Williams has failed to allege sufficient facts to survive Defendants' motion to dismiss.

### 4. Conclusion

Although Williams is proceeding pro se, his complaint must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Williams has failed to comply with these pleading requirements as his complaint simply cites the law that may be implicated. Williams' complaint does not plainly state the basis for the claims alleged, nor does it assert facts that show how Defendants are responsible for the alleged claims. The fact that his conviction was overturned is not sufficient to state a claim. Although the Court can liberally construe a pro se party's claim, it cannot supply essential elements of a claim that are not plead. *Pena*, 976 F.2d at 471.

## C. Defendants' Amenability to Suit

The Court notes that in the alternative to denying Defendants' motion to dismiss, Williams requests leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) in his response to the motion. Dkt. 17 at 7. Ordinarily, a court should freely grant leave when justice so requires. *See* Fed. R. Civ. P. 15(a). When deciding whether to grant leave to amend, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the Court concludes that granting Williams leave to amend his complaint would be futile because neither of the named defendants are amenable to suit.

First, while a municipality, or other local government unit, may be held liable for damages under § 1983 where a plaintiff identifies a municipal policy or custom that caused the plaintiff's injury, *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 403 (1997), the question of whether any given governmental entity has the capacity to sue or be sued is a matter of state law (*see* Fed. R. Civ. P. 17(b)). In Washington, courts agree that city or county departments are not legal entities subject to suit. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"); *City of Seattle v. Dutton*, 147 Wash. 224, 226 (1928) (City of Seattle liable for acts of negligence committed by Department of Parks because the department "is not an entity separate and apart from the city."). Thus, because KCPO is not a legal entity subject to suit, the Court concludes that claims against KCPO are legally frivolous.

Second, Hauge, as Kitsap County Prosecutor, is entitled to prosecutorial immunity. A prosecutor is protected by absolute immunity from liability for damages under § 1983 when performing the traditional functions of an advocate. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (internal citation omitted). In addition, Williams' facts indicate Hauge was not directly involved in Williams' case. Liability under § 1983 arises only upon a showing of personal participation by a defendant. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989). Thus, the Court concludes that continued claims against Hague are futile.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that

(1) Defendants' motion to dismiss (Dkt. 13) is **GRANTED**;

(2) Williams' claims against Defendants (Dkt. 5) are **DISMISSED without prejudice**; and

(3) Defendants' motion to supplement reply (Dkt. 21) is **DISMISSED** as moot.

DATED this 19th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8